# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| COMMISSIONER OF THE<br>DEPARTMENT OF PLANNING AND<br>NATURAL RESOURCES, ROBERT S.<br>MATHES, IN HIS CAPACITY AS<br>TRUSTEE FOR NATURAL RESOURCES<br>OF THE TERRITORY OF THE UNITED<br>STATES VIRGIN ISLANDS,<br><br>        Plaintiff,<br><br>v.<br><br>CENTURY ALUMINA COMPANY,<br>VIRGIN ISLANDS ALUMINA<br>COMPANY, ST. CROIX ALUMINA,<br>L.L.C., LOCKHEED MARTIN<br>CORPORATION, ALCOA WORLD<br>ALUMINA, L.L.C., HOVENSA, L.L.C.,<br>HESS OIL VIRGIN ISLANDS<br>CORPORATION, ST. CROIX<br>RENAISSANCE GROUP, L.L.L.P.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 2005/0062 |

## ORDER

THIS MATTER comes before the Court on Defendants' Motions to Dismiss.  For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that the Motions to Dismiss are **GRANTED** as to Count V, alleging trespass, and Count VII, seeking damages under the Territorial Water Pollution Control Act;

that the Government of the Virgin Islands may substitute for the Commissioner of DPNR with respect to the territorial claims within twenty days from the date of this Order; and

that the Motions to Dismiss are **DENIED** as to all other causes of action.

ENTER:

DATE:        October 31, 2008        _____/s/_____
                                     HONORABLE RAYMOND L. FINCH
                                     SENIOR DISTRICT JUDGE

A T T E S T
Wilfredo F. Morales


_____
Deputy Clerk

cc:     The Honorable George W. Cannon, Jr., U.S. Magistrate Judge
        John K. Dema, Esq.



END

        For parens patriae suit, the facts must show that the state has an interest independent of
the private interests of its citizens.  The doctrine of parens patriae is generally understood to grant
a state standing to sue but does not, in and of itself, create a cause of action.  Where natural
resources have been injured, states must frequently use public nuisances as the underlying cause
of action.  In contracts, the public trust doctrine provides its own theory of recovery.


**N3. In the transfer of submerged lands from the United States to the Virgin Islands, the
statute states this land will be "administered in trust for the benefit of the people thereof."
48 U.S.C. § 1705(a) (Supp.1986). An additional source for this authority is derived from the
power the Virgin Islands Government has as sovereign over these islands. J. Sax, "The
Public Trust Doctrine in Natural Resource Law: Effective Judicial Intervention" 68
Mich.L.Rev. 471 (1970). For the early history of this doctrine in America see Shively v.
Bowlby, 152 U.S. 1, 14 S.Ct. 548, 38 L.Ed. 331 (1894).**

**West Indian Co., Ltd. v. Government of Virgin Islands  643 F.Supp. 869, 875 (D.Virgin
Islands,1986)**


   . In the transfer of submerged lands from the United States to the Virgin Islands, the statute
states this land will be "administered in trust for the benefit of the people thereof." 48 U.S.C. §
1705(a) (Supp.1986).  West Indian Co., Ltd. v. Government of Virgin Islands  643 F.Supp. 869,
875 (D.Virgin Islands,1986).  A sovereign holds land under tide waters in trust for its people so
"that they may enjoy the navigation of the waters, carry on commerce over them, and have liberty
of fishing therein freed from the obstruction or interference of private parties." Illinois Central,
supra 146 U.S. at 452, 13 S.Ct. at 118.

 Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) (finding no abuse of discretion when

state law claims implicated preemption doctrine);  <u>Sigmon v. Southwest Airlines Co.</u>, 110 F.3d 1200, 1203 (5th Cir. 1997);  <u>DeBruyne v. Equitable Life Assur. Soc. of U.S.</u>, 920 F.2d 457, 468 n.23 (7th Cir. 1990); <u>Washington v. Union Carbide Corp.</u>, 870 F.2d 957, 961-62 (4th Cir. 1989); <u>Bale v. General Telephone Co. of California</u>, 795 F.2d 775, 778 (9th Cir. 1986); <u>North Dakota v. Merchants Nat. Bank &Trust Co.</u>, 634 F.2d 368, 371 (8th Cir. 1980)?; <u>L.A. Draper & Son v. Wheelabrator-Frye, Inc.</u>, 735 F.2d 414, 428 (11th Cir. 1984)?; <u>Jackson v. Stinchcomb</u>, 635 F.2d 462, 473 (5th Cir. 1981)?.
Federal preemption issue as warranting exercise of supplemental jurisdiction.