IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

```
COMMISSIONER OF THE DEPARTMENT   :        CIVIL ACTION
OF PLANNING AND NATURAL          :
RESOURCES, ROBERT S. MATHES,     :
et al.                           :
                                 :
          v.                     :
                                 :
CENTURY ALUMINA COMPANY,         :
LLLP, et al.                     :        NO. 05-0062
```

MEMORANDUM

Bartle, C.J.                                    July 23, 2009

        Plaintiffs Robert Mathes, Commissioner of the
Department of Planning and Natural Resources ("DPNR"), acting as
trustee for the natural resources of the Virgin Islands, and the
Government of the Virgin Islands, as parens patriae, have filed
suit under the Comprehensive Environmental Response,
Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et
seq., as well as under territorial statutes and the common law.
Plaintiffs have sued two groups of defendants:  first, HOVENSA,
L.L.C. and Hess Oil Virgin Islands Corporation, and second, St.
Croix Alumina, L.L.C., Alcoa World Alumina, L.L.C., Virgin
Islands Alumina Company, Century Alumina Company, Lockheed Martin
Corp., and St. Croix Renaissance Group, L.L.L.P.  Before the
court is the motion of plaintiffs to amend their complaint to
include demands for injunctive relief.

        Under Rule 15(a)(2) of the Federal Rules of Civil
Procedure, a plaintiff may amend its complaint at any time with

consent of the opposing party or with leave of court.  The Rule
provides that the court "should freely give leave when justice so
requires."  Fed. R. Civ. P. 15(a)(2).  Under well-established
Supreme Court precedent, a motion to amend should be denied only
where there exists evidence of "undue delay, bad faith or
dilatory motive on the part of the movant, ... undue prejudice to
the opposing party by virtue of allowance of the amendment, [or]
futility of amendment ...."  See Foman v. Davis, 371 U.S. 178,
182 (1962).

Delay alone is not an appropriate ground on which to
deny leave to amend.  "However, at some point, the delay will
become 'undue,' placing an unwarranted burden on the court, or
will become 'prejudicial,' placing an unfair burden on the
opposing party."  Cureton v. Nat'l Collegiate Athletic Ass'n, 252
F.3d 267, 273 (3d Cir. 2001) (citations and internal quotation
marks omitted).  "Prejudice" can take the form of "additional
discovery, cost, and preparation to defend against new facts or
new theories."  Id.

Here, plaintiffs seek to amend the complaint to delete
a pair of dismissed claims and to include demands for injunctive
relief alongside their pre-existing demands for monetary relief.
Defendants have consented to the proposed deletions.  We will
accordingly grant plaintiffs' motion to amend in that respect.
Nonetheless, defendants vigorously object to the proposed
inclusion of injunctive relief as an available remedy.  They
contend that:  (1) plaintiffs have unduly delayed in seeking such

-2-

relief; (2) defendants will suffer undue prejudice if the court permits the amendment; and (3) the requested relief is futile.

Discovery in this case was stayed for several years due to the exploration of settlement possibilities and the resolution of defendants' expansive motions to dismiss.  The action was then further delayed by its transfer to the undersigned.  Even now discovery remains stayed except with respect to defendants' pending motions for summary judgment on the basis of the statute of limitations.  In the event that summary judgment in favor of defendants is denied, the parties expect merits discovery to be lengthy and complicated.  In light of these circumstances, we find that plaintiffs' delay in seeking to amend has not been undue.

For similar reasons, we find that defendants will not be unduly prejudiced by the addition of injunctive relief as an potential remedy.  Many complex factual and legal issues remain unresolved.  Allowing plaintiffs to seek injunctive relief will not serve to complicate a simple case or to impose an unfair or unwarranted burden of production on defendants.

Defendants also argue that permitting the proposed amendment would require the court to abstain from exercising jurisdiction in light of concurrent proceedings in the Superior Court of the Virgin Islands involving environmental contamination stemming from the same properties.  They are correct that an amendment would be futile, and thus improper under Rule 15, if granting that amendment would require immediate abstention.  See,

-3-

e.g., Pappas v. Twp. of Galloway, 565 F. Supp. 2d 581, 593 (D.N.J. 2008).

In this instance, the appropriateness of abstention would turn upon "whether the parallel state proceeding raises substantially identical claims and nearly identical allegations and issues." Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 136 n.3 (3d Cir. 2009) (internal quotation marks omitted); see Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817-821 (1976). The Supreme Court has further directed that we consider "the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums." Colo. River at 818. Nonetheless, "only the clearest of justifications will warrant dismissal [on this basis]." Id. at 819.

It is undisputed that the ongoing Superior Court proceedings do concern the same properties and implicate similar conduct by some of the same defendants involved in this action. Plaintiffs argue, however, that the injunctive relief they propose to seek is significantly broader in scope than that pursued in the Superior Court actions. We cannot determine at this time whether the concurrent actions are sufficiently similar in scope such that they might ultimately require us to abstain from exercising jurisdiction over certain claims for relief. That issue can plainly be revisited as needed after further development of the record. Consequently, we will not deny plaintiffs' motion to amend on that basis.

-4-

Finally, defendants argue that permitting plaintiffs to seek injunctive relief on their territorial claims will cause those claims to "substantially predominate" over the CERCLA claims over which this court has original jurisdiction.  That development, they contend, would warrant dismissal pursuant to 28 U.S.C. § 1367(c).  Our Court of Appeals has explained:

> Generally, a district court will find substantial predomination where a state claim constitutes the real body of a case, to which the federal claim is only an appendage – only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.

De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).  Here plaintiffs' claims under CERCLA are substantial and may in some instances even preempt related claims under territorial law.  We conclude that our exercise of supplemental jurisdiction over plaintiffs' territorial claims remains appropriate even if those claims may ultimately require us to oversee an extensive grant of injunctive relief.

For the reasons set forth above, we will grant the motion of plaintiffs to amend their complaint.