IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| COMMISSIONER OF THE DEPARTMENT OF PLANNING AND NATURAL RESOURCES, ROBERT S. MATHES | : : : : | CIVIL ACTION |
| v. | : : | |
| CENTURY ALUMINA COMPANY, LLC, et al. | : : | NO. 05-0062 |

MEMORANDUM

Bartle, C.J.                                                     January 5, 2010

       Plaintiffs, Commissioner of the Department of Planning and Natural Resources, Robert S. Mathes, in his capacity as Trustee of Natural Resources of the Territory of the United States Virgin Islands, and the Government of the Virgin Islands, have moved to dismiss for lack of subject matter jurisdiction the counterclaim of defendant St. Croix Renaissance Group, LLLP ("SCRG") for fraud and conspiracy. Plaintiffs assert sovereign immunity.

       In their First Amended Complaint, plaintiffs allege that SCRG and seven other defendants released hazardous substances into an industrial tract owned at various times by defendants, as well as into the groundwater and Caribbean Sea. Plaintiffs bring claims under strict liability for abnormally dangerous activity (count 1), negligence (count 2), negligence per se (count 3), public nuisance (count 4), the Virgin Islands Oil Spill Prevention and Pollution Control Act (count 5), and the

Comprehensive Environmental Response and Liability Act ("CERCLA") § 107(a) (count 6). In its Second Amended Answer, SCRG denies these allegations and brings counterclaims against the plaintiffs for contribution under CERCLA (counterclaim 1), common law set-off (counterclaim 2), and fraud and conspiracy (counterclaim 3). SCRG's claim for fraud alleges that, in 2002, the U.S. Virgin Islands Department of Planning and Natural Resources ("DPNR") knew of serious environmental violations on the industrial property in issue that SCRG was negotiating to buy and fraudulently withheld that information from SCRG.[1]

Now that plaintiffs have made a facial challenge to the subject matter jurisdiction over the claim, defendant SCRG has the burden of proving that this court has the authority to adjudicate it. See FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996). When assessing a facial attack on the sufficiency of subject matter jurisdiction, "the trial court must accept the complaint's allegations as true." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

The Revised Organic Act grants sovereign immunity to the Virgin Islands for tort claims. See 48 U.S.C. § 1541(b). It provides "that no tort action shall be brought against the Government of the Virgin Islands or against any officer or

---

1. SCRG separately makes claims against St. Croix Alumina, the seller of the property, in a related case before this court, St. Croix Renaissance Group v. St. Croix Alumina, Civ. A. No. 04-067.

employee thereof in his official capacity without the consent of the legislature."  Id.  The Virgin Islands Legislature has waived the Government's immunity for certain torts under the Virgin Islands Tort Claims Act ("VITCA").  See 33 V.I.C. § 3401.  The Government's immunity is waived "with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment."  33 V.I.C. § 3408(a).  The VITCA specifies, however, that this waiver "shall not apply if the injury or loss of property is caused by the gross negligence of an employee of the Government."  33 V.I.C. § 3408(b).

Plaintiffs maintain that the VITCA does not waive sovereign immunity for fraud claims because in plaintiffs' view such claims are included within the ambit of gross negligence in § 3408(b).  Plaintiffs further contend that, even if the VITCA has waived their sovereign immunity for fraud, they are still entitled to dismissal of the counterclaim because SCRG failed to comply with the VITCA's procedural requirements.  We first turn to this argument.

The VITCA imposes certain time limits on filing a claim against the Government.  It provides:

> a claim to recover damages for injuries to
> property or for personal injury ... shall be
> filed within ninety days after the accrual of
> such claim unless the claimant shall within
> such time file a written notice of intention
> to file a claim therefor, in which event the

>     claim shall be filed within two years after
>     the accrual of such claim.

33 V.I.C. § 3409(c).  Such claims accrue when the claimant knew or should have known of the injury and its cause.  See Samuel v. Gov't of the Virgin Islands, 44 V.I. 201, 205 (Terr. Ct. 2002). Claimants who fail to file their claim or the requisite notice of intention to file a claim within ninety days after accrual may nonetheless request permission from the court to bring suit.  To do so,

>     [t]he application for such permission shall
>     be made upon motion based upon affidavits
>     showing a reasonable excuse for the failure
>     to file the notice of intention and that the
>     Virgin Islands or its appropriate department
>     or agency had, prior to the expiration of the
>     time limited for the filing of the notice of
>     intention, actual knowledge of the facts
>     constituting the claim.

33 V.I.C. § 3409(c).

SCRG did not file the statutory notice of intention to file a claim and did not file a motion seeking permission to file a claim out of time.  Instead, SCRG argues that it filed its third counterclaim within ninety days of discovering the alleged fraud.

SCRG concedes that, around February 16, 2009, it received a copy of a June 11, 2002 report of environmental violations prepared by Natural Resources Consulting, Inc. ("NRCI") at the behest of DPNR.  This report documented that NRCI had found significant environmental violations on the property that SCRG was negotiating to buy from defendant St. Croix

Alumina. It is undisputed that DPNR had this report prior to June 14, 2002, the date on which SCRG closed on the property in question.

SCRG contends, however, that it did not discover the fraud until it found evidence of plaintiffs' intent to defraud. According to SCRG, the evidence of plaintiffs' intent first surfaced during the deposition Bruce Green on September 22, 2009. Green served as a Rule 30(b)(6) witness for DPNR and is the President of NRCI. In short, SCRG argues that the claim did not accrue until it received "actual evidentiary support" at Green's deposition.

We find this argument to be unpersuasive. The courts of the Virgin Islands strictly construe the ninety day filing period. See Samuel v. Gov't of the Virgin Islands, 44 V.I. at 205. SCRG admits, as noted above, that it received the June 11, 2002 report around February 16, 2009. The date of this report makes clear that the Government knew of the environmental violations prior to SCRG's closing on the property and did not disclose those violations to SCRG. Thus, SCRG knew or should have known of the alleged fraud when it received the report on February 16, 2009. However, SCRG did not file its counterclaim in this lawsuit until August 21, 2009, more than ninety days later.

The discovery rule tolls a claim's accrual only until the claimant knew or should have known of the injury and its cause. Id. at 205. SCRG had sufficient knowledge of the alleged

fraud on February 16, 2009 to start the clock running. SCRG had ninety days, that is until May 17, 2009, to file either a fraud claim or a notice of intention to file such a claim. It did not do so. Accordingly, SCRG's August 21, 2009 filing is untimely under the VITCA. Because SCRG's fraud claim is time-barred, we do not need to determine whether the VITCA waives plaintiffs' sovereign immunity for fraud.[2]

SCRG contends that, despite plaintiffs' sovereign immunity, its third counterclaim is cognizable as a claim based on recoupment. It argues that, in our June 19, 2009 Memorandum and Order, we held that such claims for recoupment were not barred by the sovereign immunity granted to the Virgin Islands in the Revised Organic Act. Comm'r of the Dep't of Planning and Natural Resources v. Century Alumina, Civ. A. No. 05-62, 2009 U.S. Dist. LEXIS 52135, at 19-21 (D.V.I. June 19, 2009).

It is well established that, where a counterclaim "arises from the same transaction or occurrence as the main claim," plaintiffs' sovereign immunity will not bar it. Id. at 21. The "main claim" in this case is plaintiffs' allegations regarding the release of hazardous substances into the industrial tract, including its groundwater, and into the Caribbean Sea. The face of SCRG's counterclaim for fraud makes clear that the basis of the claim is the fraudulent inducement of SCRG to

---

2. We note that SCRG's counterclaim is titled, "Fraud, Conspiracy." SCRG alleges that plaintiffs conspired to commit the fraud with St. Croix Alumina, the seller of the property. This does not change our analysis.

purchase the property in issue.  Although the alleged fraud does involve the concealment of hazardous releases, the claim of SCRG against plaintiffs arises from the sale itself, a separate "transaction or occurrence."  Thus, SCRG's claim for fraud does not sound in recoupment and cannot proceed under the exception to the rule barring claims on the ground of sovereign immunity.

Accordingly, we will grant the motion of plaintiffs to dismiss SCRG's third counterclaim for fraud and conspiracy.