IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| COMMISSIONER OF THE DEPARTMENT OF PLANNING AND NATURAL RESOURCES, ROBERT S. MATHES | : : : : | CIVIL ACTION |
| v. | : : | |
| CENTURY ALUMINA COMPANY, LLC, et al. | : : | NO. 05-0062 |

MEMORANDUM

Bartle, C.J.                                                  August 20, 2010

Plaintiff Commissioner of the Department of Planning and Natural Resources, Robert S. Mathes, ("Plaintiff") has moved for partial reconsideration of our Order of July 13, 2009 and accompanying Memorandum in which we granted in part and denied in part defendants' motions for summary judgment based on the statute of limitations. We will not review the factual background of this case, as it is well known to the parties.

Rule 7.3 of the Virgin Island Local Rules of Civil Procedure provides that a party "may file a motion asking the Court to reconsider its order or decision based on ... the need to correct clear error or prevent manifest injustice." L.R. Civ. 7.3 (2008). See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); Bostic v. AT&T, 312 F. Supp. 2d 731, 734 (D.V.I. 2004).

Plaintiff argues that the court erred in granting partial summary judgment to defendants Century Alumina, Virgin

Islands Alumina Company, and Lockheed Martin Corporation as to losses caused by the release of red mud in March 2002 because they did not own or operate the facility at that time.  He contends that the court should not have raised the issue *sua sponte* and that such a ruling is outside the scope of the limited motion for summary judgment based purely on statute of limitations issues.  Moreover, he contends that the Comprehensive Environmental Response and Liability Act ("CERCLA") may confer liability on these defendants despite the fact that they did not own or operate the facility at the time of the March 2002 release.

We note that the court did not raise this issue *sua sponte*.  Although this argument was not briefed as thoroughly as many other issues in the motion for summary judgment of the statute of limitations, defendants Century Alumina, Virgin Islands Alumina Company, and Lockheed Martin did indeed raise it. They argued that they were not "CERCLA responsible parties" with respect to the March 2002 releases because the "Century Defendants had ceased all connection with the Alumina facility by 1995."  Thus, we found that since these defendants did not own the alumina facility at the time of the March 2002 red mud release, they could not be liable for the resulting losses under CERCLA.

We agree with Plaintiff that our ruling was premature. At this stage, it was clear error for us to find that the defendants were not liable on the ground that they were not

owners or operators at the time of release.  The Court of Appeals for the Third Circuit has held that "Congress made prior owners liable if they owned land at the time of 'disposal,' not at the time of 'release.'"  U.S. v. CDMG Realty Co., 96 F.3d 706, 715 (3d Cir. 1996).

CERCLA defines disposal as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water."  42 U.S.C. § 6903(3).  In contrast, CERCLA defines release more broadly providing that it is "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment."  42 U.S.C. § 9601(22).  Defendants argue that the March 2002 movement of red mud from disposal piles into the Alucroix Channel should properly be characterized as a new disposal, not a release, because it was caused by St. Croix Alumina's regrading of the piles.  They contend that they cannot be liable for a disposal during a time when they did not own or operate the refinery.

The parties have not briefed the issue of disposal. Until recently, discovery in this case has been limited to issues specific to the statute of limitations.  There is no record evidence at this time regarding which parties disposed of which CERCLA hazardous substances, when the disposals were made, and where they were placed.  We cannot at this time say whether the moving defendants disposed of the red mud which migrated to the

Alucroix Channel in March 2002. For that reason, we will vacate our grant of summary judgment on this issue.

We will amend our July 13, 2010 Order to deny summary judgment in favor of defendants Century Alumina, Virgin Islands Alumina Company, and Lockheed Martin Corporation as to losses caused by the release of red mud in March 2002. We will further amend our July 13, 2010 Memorandum to remove the final paragraph on page 29, which explains the grant of summary judgment in favor of these parties.

Plaintiff will be able to proceed with his claim against Century Alumina, Virgin Islands Alumina Company, and Lockheed Martin Corporation for losses to natural resources caused by the March 2002 release of red mud from the alumina refinery. Whether or not plaintiff will succeed must await a later day.