```
              IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                        DIVISION OF ST. CROIX


COMMISSIONER OF THE DEPARTMENT  :        CIVIL ACTION
OF PLANNING AND NATURAL         :
RESOURCES, ALICIA V. BARNES,    :
et al.                          :
                                :
          v.                    :
                                :
CENTURY ALUMINA COMPANY, LLC,   :
et al.                          :        NO. 05-62
```

MEMORANDUM

Bartle, J.                                    November 30, 2011

      Plaintiffs, Commissioner of the U.S. Virgin Islands
Department of Planning and Natural Resources ("DPNR"), Alicia V.
Barnes, and the Government of the Virgin Islands (the
"Government") have filed this multi-count environmental lawsuit
against a number of defendants including Century Aluminum Company
("Century")[1] and the Virgin Islands Alumina Company ("Vialco").
Plaintiffs allege that the defendants have damaged the natural
resources of St. Croix by releasing hazardous substances from
industrial tracts owned at various times by defendants.  The
plaintiffs allege that Century and Vialco are liable for damage
done by toxic substances purportedly released from an alumina
refinery in Kingshill, St. Croix.

---

1.  Although the caption to this case refers to Century as the
"Century Alumina Company," the parties refer to it as the
"Century Aluminum Company."  We shall follow the parties'
practice and are correcting the caption in the Order accompanying
this Memorandum.

This lawsuit is related to another action brought in this court by DPNR in which it alleged Century was liable for costs associated with the release of toxic substances from the same alumina refinery.  See Dep't of Planning & Natural Res. v. St. Croix Renaissance Grp., No. 07-114, 2011 WL 537926 (D.V.I. Feb. 3, 2011).  We will refer to this related case as the "Cost Recovery Action."  On February 3, 2011, this court granted summary judgment in favor of Century in that action.

Now before the court is the motion of defendant Century for summary judgment in this action on the ground that the court's February 3, 2011 ruling in the Cost Recovery Action precludes the plaintiffs' claims in this case.  Also before the court is the motion of plaintiffs under Rule 56(d) of the Federal Rules of Civil Procedure to defer decision on the motion of Century for summary judgment until certain discovery has been completed.

I.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).  After reviewing the evidence, the court makes all

-2-

reasonable inferences from the evidence in the light most favorable to the non-movant.  In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer or deny the motion, or allow the nonmoving party time to obtain affidavits, declarations, or discovery.  In determining whether to grant a Rule 56(d) motion, we may consider, among other things, "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."  Contractors Ass'n of E. Pa. v. City of Phila., 945 F.2d 1260, 1266 (3d Cir. 1991) (internal quotations omitted); see also Horvath v. Keystone Health Plan E., Inc., 333 F.3d 450, 458-59 (3d Cir. 2003).

## II.

In this lawsuit, DPNR pleads six causes of action.  The complaint states four counts for damages under Virgin Islands common law:  strict liability for an abnormally dangerous activity (Count I), negligence (Count II), negligence per se (Count III), and public nuisance (Count IV).  It also alleges a claim under the Virgin Islands Oil Spill Prevention and Pollution Control Act, 12 V.I.C. § 703 (Count V) and the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq (Count VI).  The CERCLA claim in this case seeks compensation for the "injury to,

-3-

destruction of, and/or loss of natural resources" resulting from the hazardous materials allegedly released from an alumina refinery.

Century, Vialco, and the other named defendants moved to dismiss the complaint. The court found that DPNR did not have authority to prosecute Counts I through V, the five causes of action arising under Virgin Islands law. Commn'r of the Dep't of Planning & Natural Res. v. Century Alumina Co., No. 05-62, 2008 WL 4809897, at *8-*9 (D.V.I. Oct. 31, 2008); see 3 V.I.C. §§ 400(b), 401(a). We held that the Government and not DPNR was the real party in interest as to those claims, and we permitted the Government of the Virgin Islands to be substituted as the plaintiff on Counts I through V under Rule 17 of the Federal Rules of Civil Procedure. Id.

In October 2007, while this action was pending, DPNR filed the Cost Recovery Action. DPNR alleged in the Cost Recovery Action that it had incurred environmental response costs as a result of hazardous substances emitted from the alumina refinery. It sought both to recover those costs and to obtain a determination as to the amount of each defendant's liability for those costs. With the court's permission, DPNR added Century and Vialco as defendants to the Cost Recovery Action in January 2010.

Century moved for summary judgment in the Cost Recovery Action in November 2010. The court found the following facts to be undisputed:

-4-

> [Vialco] purchased the alumina refinery
> property in issue in approximately May 1989
> and operated it from that time until January
> 1995, when it ceased the processing of
> alumina.  On April 25, 1995, Century
> Chartering Co., Inc. acquired either all or a
> majority of the shares of the stock of Vialco
> from Vialco's then parent corporation Vialco
> Holdings, Ltd.  On April 26, 1995, Century
> Chartering Co., Inc. sold its Vialco stock to
> Ravenswood Aluminum Corporation.  Century
> Chartering Co., Inc. changed its name to
> Century Alumina Company on July 5, 1995.

Dep't of Planning & Natural Res. v. St. Croix Renaissance Grp.,
No. 07-114, 2011 WL 537926 at *1,(D.V.I. Feb. 3, 2011).  Thus,
Century directly owned the stock of Vialco for a single day over
twelve years before the Cost Recovery Action was filed.  Further,
there was no evidence that Century had "owned or operated the
alumina refinery property," "arranged for the disposal or
treatment of the hazardous materials allegedly released," or
"transported or arranged for the transportation" of such
materials during the one day Century owned Vialco's stock or at
any other time.  Id. at *2.

        DPNR argued, however, that we should "pierce the
corporate veil and hold Century derivatively responsible for
Vialco's conduct" with respect to the alumina refinery.  Id.  We
explained that under CERCLA, to hold a parent corporation liable
for the acts of a subsidiary "we must apply a federal common law
standard for piercing the corporate veil."  Id. (citing Lansford-
Coaldale Joint Water Auth. v. Tonolli Corp., 4 F.3d 1209, 1225
(3d Cir. 1993)).  Under that standard, the party wishing to
pierce the corporate veil must establish by clear and convincing

evidence that the subsidiary is "little more than a legal
fiction." Id. (citing Pearson v. Component Tech. Corp., 247 F.3d
471, 485 (3d Cir. 2001)).  After enumerating the various factors
we may consider under the federal common law, we found that DPNR
had "come forward with no evidence to justify piercing the
corporate veil of Century," and we entered summary judgment in
favor of Century.  Id.  Although DPNR appealed other decisions in
the Cost Recovery Action, it did not appeal this court's ruling
granting summary judgment to Century, and it is now final.

III.

Century argues that the judgment entered in the Cost
Recovery Action precludes the plaintiffs in this case from
pursuing against it the six causes of action alleged in the First
Amended Complaint.  The doctrine of issue preclusion, also called
collateral estoppel, ensures that "once an issue is actually and
necessarily determined by a court of competent jurisdiction, that
determination is conclusive in subsequent suits based on a
different cause of action involving a party to the prior
litigation." Montana v. United States, 440 U.S. 147, 153 (1979).
Because the prior judgment at issue was entered by a federal
court, federal common law determines the scope of that judgment's
preclusive effect.  Taylor v. Sturgell, 553 U.S. 880, 891 (2008);
see Alveras v. Tacopina, 226 F. App'x 222, 227 (3d Cir. 2007).
Under the federal law of issue preclusion, the following four
elements must be satisfied to bar further litigation:  "(1) the
identical issue was previously adjudicated; (2) the issue was

-6-

actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 247-48 (3d Cir. 2010) (quoting Szehinskyj v. Attorney Gen. of the U.S., 432 F.3d 253, 255 (3d Cir. 2005)) (internal quotations omitted).  In this context, being "fully represented" means having had "a full and fair opportunity to litigate the issue in question."  See Bd. of Trustees of Trucking Emp. of North Jersey Welfare Fund, Inc. v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).

Count VI of this case, like the two claims in the Cost Recovery Action, is a claim by DPNR, a Department of the Virgin Islands Government, to hold Century liable under CERCLA for allegedly hazardous materials released from the alumina refinery. The Government itself is not a named plaintiff on Count VI.  In the Cost Recovery Action, DPNR conceded that Century was not liable under CERCLA for any of its own actions in connection with the alumina refinery.  See 42 U.S.C. § 9607(a).  Rather, DPNR argued that Century was liable for Vialco's conduct in operating that facility.  To prove such derivative liability, DPNR needed to establish by clear and convincing evidence that Vialco was a "mere agency or instrumentality" of Century, or that Century actually controlled or was intimately involved in Vialco's operation of the alumina refinery.  See United States v. Bestfoods, 524 U.S. 51, 63, 68; Dep't of Planning & Natural Res.

-7-

v. St. Croix Renaissance Grp., No. 07-114, 2011 WL 537926 at
*1,(D.V.I. Feb. 3, 2011).  As noted above, this court found in
the Cost Recovery Action that DPNR had adduced "no evidence" that
the parent corporation, Century, could be held liable under
CERCLA for the conduct of its subsidiary, Vialco.

        To prevail on Count VI here, DPNR would have to prove
what it could not establish in the Cost Recovery Action:  that
Century is liable under CERCLA for its own actions or for the
acts of Vialco in connection with the operation of the alumina
refinery.[2]  DPNR's failure to make that showing in the Cost
Recovery Action resulted in summary judgment in Century's favor.
The summary judgment order entered in Century's favor in the Cost
Recovery Action satisfies each of the elements necessary for that
ruling to have preclusive effect here as to Count VI.  As noted
above, these elements are:  "(1) the identical issue was
previously adjudicated; (2) the issue was actually litigated; (3)
the previous determination was necessary to the decision; and (4)
the party being precluded from relitigating the issue was fully
represented in the prior action."  Howard Hess Dental Labs., 602
F.3d at 247-48.  Thus, summary judgment will be entered in favor
of Century on Count VI of the First Amended Complaint.

_____

2.  Parsing the court's words too closely, DPNR argues that in
the Cost Recovery Action the court decided whether to pierce the
corporate veil of Century and not Vialco.  This argument lacks
merit.  Any reading of the court's February 3, 2011 Memorandum
reveals that we decided DPNR had amassed insufficient evidence
"to create a genuine issue of material fact as to Century's
liability as a parent corporation for Vialco's actions."

As to Counts I through V, the Government argues that it cannot be bound by the judgment in the Cost Recovery Action because it was not a party to that lawsuit.  Generally, litigants are not bound by in personam judgments reached in cases to which they were not a party, but this rule is subject to exceptions.  <u>Taylor</u>, 553 U.S. at 892-93; <u>Hanberry v. Lee</u>, 311 U.S. 32, 40 (1940).  When the litigant against whom issue preclusion is asserted was a not a party to the prior action, there must exist "a prior legal or representative relationship between a party to the prior action and the nonparty against whom estoppel is asserted.  Without such a relationship, there can be no [issue preclusion]."  <u>Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.</u>, 571 F.3d 299, 312 (3d Cir. 2009).

The Supreme Court has identified six such relationships that create an exception to the general rule against nonparty issue preclusion.  <u>Taylor</u>, 553 U.S. 893-96.  A qualifying relationship exists if:

> 1) the nonparty agrees to be bound by the determination of issues in an action between others;
> 2) a substantive legal relationship—i.e. traditional privity—exists that binds the nonparty;
> 3) the nonparty was "adequately represented by someone with the same interests who [wa]s a party";
> 4) the nonparty assumes control over the litigation in which the judgment is rendered;
> 5) the nonparty attempts to bring suit as the designated representative of someone who was a party in the prior litigation; and,
> 6) the nonparty falls under a special statutory scheme that "expressly foreclos[es] successive litigation by nonlitigants."

-9-

<u>Nationwide</u>, 571 F.3d at 312-13.  There is nothing in the record
suggesting that the first, fourth, fifth, or sixth exceptions
apply.  The third exception, "the nonparty was 'adequately
represented by someone with the same interests who [wa]s a
party,'" is "carefully circumscribed."  <u>Id.</u> at 313.  For this
exception to apply, "the interests of the party and nonparty must
be squarely aligned and there must be ... an understanding that
the party is acting in a representative capacity ...."[3]  <u>Id.</u>

       DPNR adequately represented the Government's interests
in the Cost Recovery Action within the meaning of this exception.
In that suit, DPNR alleged that it "is an Executive Department of
the Government of the United States Virgin Islands, ... with the
duty and power, <u>inter alia</u>, to administer and enforce all laws
protecting the Virgin Islands' natural resources and
environment."  Indeed, the statute defining the powers of DPNR
authorizes it to administer and enforce "all laws pertaining to"
many environmental conditions, including air and water pollution.
3 V.I.C. § 401(a).  DPNR also asserted in the First Amended
Complaint that it brought the Cost Recovery Action "on behalf of
the Government of the United States Virgin Islands."  That
pleading was signed by the Attorney General of the Virgin
Islands, who is the government official responsible for
representing "the executive branch of the Government ... before

3.  The "adequately represented" exception can also apply if the
court in the prior action took "special procedural protections"
to protect the due process rights of absent nonparties, such as
typically occurs in class action litigation.  <u>Id.</u>

the courts in all civil proceedings in which the said Government, or any executive department, board, commission, agency, instrumentality or officer thereof is interested." 3 V.I.C. § 114(a).  Furthermore, the Attorney General signed the brief DPNR filed in opposition to the motion of Century for summary judgment in the Cost Recovery Action.  These undisputed facts persuade us that the interests of the Government and DPNR were squarely aligned in the Cost Recovery Action, and that both understood DPNR to be acting as a representative of the Government in that suit.  Accordingly, issue preclusion is applicable in this case.

It is also of no consequence that this court previously held that only the Government could prosecute Counts I through V of the First Amended Complaint in this case.  See Commn'r of the Dep't of Planning & Natural Res. v. Century Alumina Co., No. 05-62, 2008 WL 4809897, at *9 (D.V.I. Oct. 31, 2008).  The proper plaintiff in interest under the Federal Rules of Civil Procedure is not the issue at this stage of the proceedings.  We are concerned here only with whether the true party in interest, that is, the Government, is bound by the judgment reached in the Cost Recovery Action.  As noted above, we find that it is.[4]

Finally, the Government argues that issue preclusion is not appropriate here because a less exacting burden of proof may

---

4.  Because we find that the third qualifying relationship exists, we do not consider the second exception.  See Nationwide, 571 F.3d at 312-13.

exist in this case on the issue of piercing the corporate veil than existed in the Cost Recovery Action.  Generally, issue preclusion does not apply if "[t]he party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action."  RESTATEMENT (SECOND) OF JUDGMENTS § 28(4).

The federal common law applicable to the CERCLA claims in the Cost Recovery Action required clear and convincing evidence before piercing a corporate veil.  The federal law does not apply to the five territorial law causes of action in Counts I through V of the First Amended Complaint.  Instead, the law of the place in which Vialco is incorporated determines the circumstances under which its corporate veil may be penetrated.  In re Tutu Wells Litig., 909 F. Supp. 1005, 1009 (D.V.I. 1995); see 1 V.I.C. § 4; RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 307.  During the periods of time relevant to these proceedings, Vialco changed its place of incorporation from the Virgin Islands to Delaware.

The Government argues that if the burden of proof for veil piercing under either Virgin Islands or Delaware law is lower than the clear and convincing standard, issue preclusion does not apply.  We disagree.  Regardless of the burden-of-proof standard under either Delaware or Virgin Islands law, this argument fails because in the Cost Recovery Action, the court found that DPNR "[came] forward with no evidence to justify piercing the corporate veil ...."  Dep't of Planning & Natural

-12-

<u>Res. v. St. Croix Renaissance Grp.</u>, No. 07-114, 2011 WL 537926 at
*2 (D.V.I. Feb. 3, 2011) (emphasis supplied).  In other words,
DPNR "would also have lost had a significantly different burden
[been] imposed."  RESTATEMENT (SECOND) OF JUDGMENTS § 28, cmt. f.  The
burden of proof the Government would need to pierce Vialco's
corporate veil here on Counts I through V is irrelevant since the
issue now before the court was previously decided on summary
judgment on the ground that no evidence existed to support DPNR's
position.

The Government has not suggested that it could prevail
against Century on the five territorial-law claims in Counts I
through V without piercing Vialco's corporate veil.  Because it
is precluded from relitigating this issue, summary judgment is
appropriate on these counts as well.

IV.

The motion of plaintiffs under Rule 56(d) of the
Federal Rules of Civil Procedure asks the court to defer deciding
the motion of Century for summary judgment until plaintiffs have
had the opportunity to complete certain discovery.  Plaintiffs
argue that this discovery is necessary because the discovery
responses received from Century in the Cost Recovery Action were
inadequate.  The docket reflects that DPNR did not file a motion
under Rule 56(d) in the Cost Recovery Action, and it did not
mention a need for additional discovery in its opposition to
Century's summary judgment motion.  Allowing additional discovery
in this case on an issue that was litigated to finality in the

-13-

Cost Recovery Action would serve no purpose.  Any belated
discovery simply could not undermine the preclusive effect of the
judgment in the Cost Recovery Action.  The motion of plaintiffs
for discovery under Rule 56(d) will be denied.