IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                          DIVISION OF ST. CROIX

COMMISSIONER OF THE DEPARTMENT   :        CIVIL ACTION
OF PLANNING AND NATURAL          :
RESOURCES, ALICIA V. BARNES,     :
et al.                           :
                                 :
              v.                 :
                                 :
CENTURY ALUMINUM COMPANY,        :
et al.                           :        NO. 05-62


                             MEMORANDUM


Bartle, J.                                      February 1, 2012

          Before the court is the motion of plaintiffs, the
Government of the Virgin Islands and the Commissioner of the
Department of Planning and Natural Resources, to compel
defendants Hess Oil Virgin Islands Corporation ("HOVIC") and
HOVENSA, LLC ("HOVENSA") to produce the "scientific data and/or
recorded observations such as photographs or videotape" generated
by two marine biologists retained by these defendants as non-
testifying experts.

          In this action, plaintiffs seek to recover from
defendants under the Comprehensive Environmental Response,
Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et
seq., for damage allegedly caused to the natural resources in and
around an industrial property on St. Croix known as the South
Coast Industrial Area.  Defendants HOVIC and HOVENSA operate an
oil refinery on a portion of the industrial area that contains a
commercial harbor and abuts the Carribean Sea.  Plaintiffs allege

that the refinery has damaged the natural resources of St. Croix through discharges of petroleum, methyl-tert-butyl ether, chromium, antimony, nickel, vanadium, lead, arsenic, and mercury into the neighboring marine environments and the large freshwater Kingshill Aquifer beneath the refinery.

After plaintiffs initiated this litigation in 2005, defendants retained the services of two marine biology consultants.  At the request of defendants' counsel, these consultants performed dives into the allegedly contaminated waters adjacent to the oil refinery.[1]  Defendants have not designated the consultants as testifying experts.  In response to plaintiffs' requests for production of documents, HOVIC and HOVENSA have not produced documents related to these consultants or listed any such documents on a privilege log.  Instead, defendants simply notified plaintiffs in correspondence that these consultants had performed dives "in the vicinity of HOVENSA."[2]  During subsequent negotiations between counsel, defendants refused to produce any documents related to work these consultants performed on the ground that they are protected

_____

1.  Like plaintiffs, the court does not know precisely where dives performed by these consultants occurred.

2.  The correspondence from defendants' counsel does not explicitly state that the consultants performed any tests or recorded any observations during their dives.  Defendants memorandum in opposition to the motion to compel, however, suggests such items exist.  The record is silent as to what tests these consultants may have performed or what observations they may have made.

-2-

attorney work product.  As a result, plaintiffs filed this motion
to compel.

Rule 26(b)(4)(D) of the Federal Rules of Civil
Procedure provides that "facts known or opinions held" by a non-
testifying expert retained in anticipation of litigation are not
discoverable absent "exceptional circumstances under which it is
impractical for the [other] party to obtain facts or opinions on
the same subject by other means."  See also Hickman v. Taylor,
329 U.S. 495, 509-12 (1947).  Even if "exceptional circumstances"
do exist, we must "analyze the policy considerations underlying"
the work product doctrine and the rules on expert discovery
before we order disclosure.  See In re Cendant Corp. Sec. Litig.,
343 F.3d 658, 664 n.7 (3d Cir. 2003).  These policy
considerations include the need to shelter an attorney's mental
processes from an adversary's scrutiny.  United States v. Nobles,
422 U.S. 225, 238 (1975).  Rule 26(b)(4)(D) and the work product
doctrine are also designed to prevent parties from obtaining a
free ride on the investigative efforts initiated or conducted by
their opponents' attorneys in the course of litigation.  See
Plymovent Corp. v. Air Tech. Solutions, Inc., 243 F.R.D. 139, 143
(D.N.J. 2007).

Plaintiffs do not dispute that the two marine
biologists are non-testifying experts or that they were retained
by defendants in anticipation of litigation.  Plaintiffs do not
request any opinions offered by the consultants.  They seek only
the "scientific data and/or recorded observations such as

-3-

photographs or videotape" prepared by these consultants.
Plaintiffs argue that "exceptional circumstances" exist
justifying production of these items.  In plaintiffs' view, the
constantly changing conditions inherent in the marine
environments at issue make every test and observation unique and
impossible to reproduce.

       In similar cases, courts have found that "exceptional
circumstances" exist if one party's experts had the exclusive
opportunity to observe or test a particular condition or object
at a point in time critical to the litigation, such as
immediately after an environmental disaster or the collapse of a
man-made structure.  Delcastor, Inc. v. Vail Assocs., Inc., 108
F.R.D. 405, 409 (D. Colo. 1985); California v. S. Pac. Transp.
Co., No. S921117, 1993 WL 816066, at *9 (E.D. Cal. Sept. 2,
1993); Sanford Constr. Co. v. Kaiser Aluminum & Chem. Sales,
Inc., 45 F.R.D. 465 (E.D. Ky. 1968).  Where all parties have had
significant access to the relevant site or object over a period
of time, courts have refused to compel disclosure of a non-
testifying expert's data.  Hartford Fire Ins. v. Pure Air on the
Lake, Ltd., 154 F.R.D. 203, 208-12 (N.D. Ind. 1993); In re Shell
Oil Refinery, 132 F.R.D. 437, 442-43 (E.D. La. 1990).

       We acknowledge that the precise conditions extant at
the time the defendants' consultants performed their dives and
made their observations are not capable of duplication.
Nevertheless, we disagree that this is an exceptional
circumstance requiring production of those test results and

-4-

observations under Rule 26(b)(4)(D).  The data and observations at issue, while unique, do not relate to a moment in time critical to the litigation.  Unlike oil spills caused by a tanker ship running aground or an explosion on an offshore drilling platform, the alleged environmental damage in this case is not traceable to a single event.  Instead, plaintiffs allege that defendants have damaged natural resources by discharging hazardous materials into the environment over a period of many years.  There has been no indication that any environmental damage has significantly abated or disappeared due to the passage of time.  Nothing in the record before us suggests that defendants' non-testifying consultants collected their data or made their observations at a special moment of consequence to this litigation, after which crucial information now in the hands of defendants is no longer available to plaintiffs.

Defendants' possession of their consultants' data and observations does not offer them an unfair advantage so as to constitute an exceptional circumstance.  Plaintiffs have had the ability to use the discovery process during seven years of litigation to obtain whatever environmental data they need to support their case.  In fact, plaintiffs recently used discovery requests under Rule 34 to collect samples from the HOVENSA harbor, one of the marine areas at issue in this lawsuit.  Of course, should HOVIC and HOVENSA designate these marine biology consultants as testifying experts, then their data and

observations, including photographs and video, would have to be produced.

Because the defendants' consultants are not currently designated as testifying experts and exceptional circumstances do not exist within the meaning of Rule 26(b)(4)(D), the motion to compel will be denied.