```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                        DIVISION OF ST. CROIX

COMMISSIONER OF THE DEPARTMENT    :    CIVIL ACTION
OF PLANNING AND NATURAL           :
RESOURCES, ALICIA V. BARNES,      :
et al.                            :
                                  :
          v.                      :
                                  :
CENTURY ALUMINUM COMPANY,         :
et al.                            :    NO. 05-62
```

MEMORANDUM

Bartle, J.                                            March 26, 2013

      Plaintiffs, Commissioner of the United States Virgin Islands Department of Planning and Natural Resources, Alicia V. Barnes (the "Commissioner"), and the Government of the Virgin Islands (together with the Commissioner, the "Government"), filed this multi-count environmental lawsuit against entities who at various times owned portions of an industrial area in Kingshill, St. Croix on which both an alumina refinery and an oil refinery have operated. These defendants were Century Aluminum Company ("Century"), Virgin Islands Alumina Corporation ("VIALCO"), St. Croix Alumina, LLC ("SCA"), Lockheed Martin Corporation ("Lockheed"), Alcoa World Alumina, LLC, ("Alcoa"), St. Croix Renaissance Group, LLLP ("SCRG"), HOVENSA, LLC ("HOVENSA") and Hess Oil Virgin Islands Corporation ("HOVIC").[1]  We have

---

1. The Virgin Islands Port Authority ("VIPA") and the Virgin Islands Waste Management Authority ("VIWMA") are third-party
                                            (continued...)

previously approved a settlement between the Government and SCA, Alcoa, and SCRG and granted summary judgment in favor of Century. Accordingly, the remaining defendants are VIALCO, Lockheed, HOVENSA, and HOVIC.

Before the court is the motion of defendants HOVENSA and HOVIC (together, the "Refinery Defendants") to strike certain paragraphs in the declaration of Syed Syedali ("Syedali") and to preclude related testimony. The declaration is relied upon by various experts of the plaintiffs.

Syedali is an employee of the Virgin Islands Department of Planning and Natural Resources ("DPNR"). He is in charge of the groundwater office at DPNR that licenses well drillers and issues permits for well drilling and groundwater withdrawals. He provided a sworn declaration in this litigation on January 18, 2012.[2] It was submitted in support of the plaintiffs' opposition to the Refinery Defendants' motion for partial summary judgment. This declaration was submitted after the deadline to depose fact witnesses, which was December 16, 2011 as set forth in the Sixth Scheduling Order. The Refinery Defendants specifically move to strike the following two paragraphs of the Syedali declaration.

> 8. ... [A]ppropriation permits for commercial and residential users outside of the refinery to the east are not being renewed or granted

---

1.(...continued)
defendants sued by defendants VIALCO and Lockheed and former defendant Century for contribution.

2. We will refer to this declaration as the Syedali declaration.

>due to DPNR's evaluation that documented migration of contaminant plumes in groundwater at the refinery have moved to the east. Additional pumping from the wells to the east of the refinery will spread the contamination to a larger portion of the aquifer and neighboring properties.
>...
>10. It is currently DPNR's position that applications to appropriate and use groundwater by others in the vicinity of the HOVENSA refinery, nearby neighborhoods and businesses are to be denied due to the fact that HOVENSA's typical pumping under the HRP [Hydrocarbon Recovery Project] was equivalent to approximately 30% of the safe yield of the Kingshill Aquifer as simulated by USGS [United States Geological Survey]. This does not include withdrawals for refinery process operations. This water is no longer available for beneficial uses to other consumers of groundwater in the area surrounding the refinery.

The Refinery Defendants did not move to strike these paragraphs of the Syedali declaration until January 18, 2013, exactly a year after it was originally filed.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

>If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Syedali was named in the plaintiffs' original Rule 26 disclosures as a person with discoverable information, but the Refinery Defendants more specifically contend that they did not know he would testify to the information in paragraphs eight and ten. The court must consider

-3-

four factors before striking testimony due to a party's failure to comply with the discovery rules. We examine the "prejudice or surprise" to the party against whom the evidence would be admitted, the ability to cure that prejudice, "the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court," and "bad faith or wilfulness" on the part of the disclosing party in "failing to comply with a court order or discovery obligation." Nicholas v. Pa. State Univ., 227 F.3d 133, 148 (3d Cir. 2000). In applying these factors, we may consider the importance to the disclosing party of the proposed witnesses' testimony. Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997).

      The Refinery Defendants argue that they are prejudiced and surprised by the Syedali declaration. They contend that Syedali has no authority to issue a formal policy statement so the Refinery Defendants did not expect him to do so. Plaintiffs have conceded that they have no written policy stating that there is a moratorium on permits being granted in the vicinity of the refinery. However, they contend that Syedali would testify on the practices of DPNR, not on a written policy. Indeed, the Syedali declaration does not refer to any official policy but rather DPNR's "position." The Refinery Defendants can hardly be surprised by Syedali testifying about DPNR's position and practices with regard to groundwater since he is in charge of the groundwater office at DPNR. Indeed, at his deposition during

discovery on a statute of limitations issue in this litigation in September 2009, Syedali confirmed that he would was involved with the "extraction and use of groundwater."  Since Syedali's position at DPNR puts him in charge of these tasks, the Refinery Defendants knew or should have known that if he testified he would testify as to these subjects since he was identified as a potential witness in the initial disclosures under Rule 26.

The Refinery Defendants also contend that they are prejudiced by the Syedali declaration because it is too late to depose him and others about the declaration.  We disagree.  As noted above, plaintiffs had identified him during discovery, but the Refinery Defendants simply chose not to depose him on the issue of groundwater extraction permits even though some of the Refinery Defendants' experts do plan to testify about these issues.

The Refinery Defendants further argue that the declaration is false because DPNR approved permits in the vicinity of the refinery property six months before the declaration was submitted.  The Refinery Defendants are welcome to cross-examine him at the trial or to introduce evidence to this effect, but it does not demonstrate to us that they are prejudiced or surprised by Syedali's testimony.

The Syedali declaration, as noted above, was filed one year before the Refinery Defendants objected to it.  Declining to strike it and permitting Syedali to testify accordingly at trial will not "disrupt the orderly and efficient trial of the case."

<u>Nicholas</u>, 227 F.3d at 148.  Nor have the Refinery Defendants established any bad faith on the part of the plaintiffs in submitting this declaration after the deadline for deposition of fact witnesses.  This case was filed in 2005 and has a long, drawn out history.  We will not permit further delay by allowing the Refinery Defendants to depose Syedali.

     For these reasons, we will deny the motion of the Refinery Defendants to strike paragraphs eight and ten of the Syedali declaration and to preclude related testimony.